IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DISTINCTIVE EXTERIORS, INC. d/b/a MICHAEL HOLUB CUSTOM HOMES<br>    Plaintiff<br><br>v.<br><br>PARADISE CUSTOM BUILDER, LLC<br>    Defendant. | § § § § § § § § § § § | Case No. 5:17-cv-873 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Distinctive Exteriors, Inc. d/b/a Michael Holub Custom Homes ("Distinctive Exteriors"), complains of Defendant, Paradise Custom Builder, LLC for copyright infringement. As set forth more fully below, Plaintiff Distinctive Exteriors seeks monetary and injunctive relief from Paradise and would respectfully show the Court as follows:

### I.

#### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendant because: (1) many of the alleged facts occurred in this judicial district; (2) the Defendant has transacted or is transacting business in this judicial district; and (3) Defendant resides in and has places of business in this judicial district.

2. This Court has original subject matter jurisdiction over the federal copyright claims in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the copyright laws of Title 17 of the United States Code.

### II.

#### PARTIES AND SERVICE

3. Plaintiff, Distinctive Exteriors, is a Texas corporation with its principal place of

___

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                   Page 1

business in San Antonio, Bexar County, Texas.

4. Defendant, Paradise Custom Builder, LLC ("Paradise") is a Texas domestic for profit limited liability company created under the laws of Texas and based in San Antonio, Texas. Paradise may be served through its Registered Agent, Gigi Bowman, 27650 Wild Bloom, San Antonio, TX 78260.

## III.

### AGENCY

5. Any time it is alleged in this pleading that Paradise did an act or failed to do any act or thing, it is meant that Paradise's authorized, apparent or ostensible agents, employees or representatives did such act or failed to do such act or thing, thereby making Paradise liable under the doctrine of respondeat superior.

## IV.

### BACKGROUND FACTS

#### A. DISTINCTIVE EXTERIORS' BUSINESS

6. Distinctive Exteriors designs and builds custom homes in San Antonio, Texas and the surrounding areas. As part of its home construction business, Distinctive Exteriors devotes substantial time and resources to designing custom homes that are distinct and unique. In fact, some of Distinctive Exteriors' custom homes have won awards and have been recognized throughout San Antonio and the surrounding communities.

#### B. DISTINCTIVE EXTERIORS' CALIZA CREST COPYRIGHT

7. One such award winning home is The Parade of Homes Residence located at 11327 Caliza Crest, Boerne, Texas 78006 ("Caliza Crest"). A picture of the front elevation of the Award Winning Caliza Crest Residence designed and constructed by Distinctive Exteriors is attached to this Complaint as Exhibit A. In connection with designing and constructing Caliza

___

Crest, Distinctive Exteriors copyrighted its architectural design for the Residence. The architectural design for Caliza Crest was an original work of authorship that was independently created by Distinctive Exteriors during 2006.

8.     The Caliza Crest architectural design constitutes original and copyrightable subject matter under the U.S. Copyright Act. On October 2, 2006, United States Copyright Registration No. VA-1-396-242, titled "11327 Caliza Crest Boerne, Texas Sept 2006" was duly and legally issued to Distinctive Exteriors (the "Caliza Crest Registration"). A Copy of the Cazliza Crest Registration is attached as Exhibit B to this Complaint.

9.     Distinctive Exteriors owns all rights, title and interest in and to the Caliza Crest Registration and has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Caliza Crest Home Design.

### C.     PARADISE'S INFRINGING ACTIVITIES

10.    In May 2017, Distinctive Exteriors discovered that Paradise, through its website, was depicting Distinctive Exteriors' Copyrighted Caliza Crest architectural design through pictures of an *identical* Residence that Paradise held out to the public to have designed and built. Copies of the infringing pictures Paradise displayed on its website are attached as Exhibits C, D and E to this Complaint.

11.    The pictures of Distinctive Exteriors' Caliza Crest architectural design were depicted in at least three places on Paradise's website. As once can clearly see, the home reflected in Exhibits C, D and E displayed on Paradise's website is functionally identical to the Caliza Crest Home designed and constructed by Distinctive Exteriors depicted in Exhibit A.

12.    Paradise not only wrongfully displayed pictures of Distinctive Exteriors' Copyrighted Caliza Crest Residence on multiple pages on Paradise's website, but also Paradise constructed at least one home using Distinctive Exteriors' Copyrighted architectural design for

_____
**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                            **Page 3**

Caliza Crest. As such, Paradise's unauthorized use of Distinctive Exteriors' Copyrighted Architectural design for Caliza Crest gives rise to the following federal statutory cause of action and damages.

## V.

### CAUSE OF ACTION

### A. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

13. The allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully set forth herein.

14. Distinctive Exteriors is the exclusive owner, author and copyright claimant of the Caliza Crest Registration. The Caliza Crest Registration is in full force and effect.

15. Paradise, without authorization from Distinctive Exteriors, has designed, manufactured, built, supplied, advertised, promoted, offered for sale and/or sold homes incorporating designs that were deliberately copied from and are substantially similar, if not identical, in overall appearance to Distinctive Exteriors' Caliza Crest Home Design. Indeed, the pictures taken from Paradise's website attached to this Complaint as Exhibits C, D and E show that Paradise willfully infringed and is continuing to willfully infringe Distinctive Exteriors' copyright in the Caliza Crest Home Design.

16. In particular, Paradise's willful infringement violates the following exclusive rights of Distinctive Exteriors in and to the Caliza Crest Registration and Home Design:

    **(1)**    to reproduce the copyrighted work;

    **(2)**    to prepare derivative works based upon the copyrighted work;

    **(3)**    to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and

    **(4)**    to display the copyrighted work. 17 U.S.C. § 106.

As a direct and proximate result of Paradise's infringing conduct, Distinctive Exteriors has

suffered actual economic damages and lost profits. Substantial time, skill and effort went into the design and construction of Caliza Crest and the Caliza Crest Registration has substantial value as a distinct, award winning architectural design. Paradise's unauthorized use of the Caliza Crest Registration deprived Distinctive Exteriors of its exclusive rights to use and profit from the Caliza Crest Registration and the exclusive rights that come with the ownership of it. Further, as a result of its copyright infringement, Paradise has made and will continue to make substantial profits and gains to which it is not in law or in equity entitled.

## VI.

### ATTORNEYS' FEES AND COSTS

17.  As a result of Paradise's actions including, but not limited to Paradise' s willful and intentional infringement of Distinctive Exteriors' copyright for the design of Caliza Crest, Distinctive Exteriors has been required to obtain the services of the law firm of PORTER, ROGERS, DAHLMAN, & GORDON, P.C., for the enforcement of its rights in connection with this action. Thus, pursuant to 17 U.S.C. § 505, Distinctive Exteriors is entitled to recover its reasonable and necessary attorneys' fees and costs through the trial of this case, as well as any appeal. Distinctive Exteriors has presented its claim for attorneys' fees prior to filing this action.

## VII.

### JURY DEMAND

18.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Distinctive Exteriors demands a trial by jury on all triable issues.

## VIII.

### CONDITIONS PRECEDENT

19.  All conditions precedent to Distinctive Exteriors' right to recover as requested in this action have occurred or have been satisfied.

## IX.

### R<span>ELIEF</span> R<span>EQUESTED</span>

20. Distinctive Exteriors asks that Paradise be summoned to appear and answer this action and, upon final trial, the Court enter judgment in favor of Distinctive Exteriors and against Paradise as follows:

21. That, with respect to its cause of action, Paradise has engaged in willful copyright infringement in violation of 17 U.S.C. § 501.

22. That Paradise and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined nationwide from designing, manufacturing, building, supplying, advertising, promoting, offering for sale and selling any homes which infringe upon or incorporate the Caliza Crest Registration and Home Design and/or, including all infringing homes that are currently under construction.

23. That Paradise be required to recall all infringing advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, advertising and promotional materials.

24. That Paradise be directed to file with the Court and serve upon Plaintiff, within thirty days after service of a judgment or order upon Paradise, a written report under oath setting forth in detail the manner in which Defendant has complied with the requirements set forth above in paragraphs 22 and 23.

25. That Distinctive Exteriors recover its actual economic damages, lost profits, and/or Paradise's profits, as well as statutory damages, attorneys' fees and costs, to the full extent provided for by 17 U.S.C §§ 504 and 505.

26. That Distinctive Exteriors be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

___

27. That Distinctive Exteriors be awarded such additional and further relief as the Court deems just and proper.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Distinctive Exteriors prays that the Defendant, Paradise Custom Builder, LLC be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Distinctive Exteriors against Defendant Paradise Custom Builder, LLC for the damages requested herein in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorneys' fees, costs of court, and such other and further relief to which Plaintiff, Distinctive Exteriors is entitled.

Respectfully submitted,

By: */s/ Raj Aujla*
Raj Aujla
State Bar No. 24064846
raujla@prdg.com
Brandon Coony
State Bar No. 24096204
bcoony@prdg.com
**Porter, Rogers, Dahlman & Gordon, P.C.**
Trinity Plaza II
745 E. Mulberry, Suite 450
San Antonio, Texas 78212
Telephone: (210) 736-3900
Facsimile: (210) 736-1992

**ATTORNEYS FOR PLAINTIFF,
DISTINCTIVE EXTERIORS, INC. d/b/a
MICHAEL HOLUB CUSTOM HOMES**

___